IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-103 |
| | * | |
| TIMOTHY EDWARD COMER | * | |

# O R D E R

Defendant Timothy Edward Comer seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Comer claims that his medical condition, in conjunction with the potential adverse effects to him should he contract COVID-19, qualifies as "extraordinary and compelling" circumstances warranting compassionate release.

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Comer contends that he emailed the Warden requesting compassionate release on May 3, 2020 but never received a response. The problem is that Comer has not presented any evidence of this request; consequently, the Court is unable to conclude that he has exhausted his administrative remedies with respect to his claimed health conditions of type 2 diabetes, high cholesterol, hypertension, and "history of heart attacks." (See Def.'s Mot., Doc. 15, at 2.) For this reason, Comer's motion is subject to dismissal.

Further, the Court is constrained to note that Comer refused the COVID-19 vaccination on March 11, 2021. (Gov't Resp. in Opp'n, Doc. 18, Ex. A at 101.) Declining the opportunity to dramatically reduce his risk of exposure to COVID-19, Defendant has undermined his assertion that he is at increased risk from the virus. As one district court has put it, a defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." See United States v. Lohmeier, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (also stating that notwithstanding the defendant's own recalcitrance, the fact that other inmates and staff are being vaccinated lowers his risk exposure); see also United States v. McBride, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) ("Defendant's refusal to take

2

preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."). Moreover, the Court notes that there are currently no active cases among the staff or the inmates at Edgefield FCI, which also significantly lowers Comer's risk of exposure. See https://www.bop.gov/coronavirus/index.jsp (last visited May 4, 2021).

Upon the foregoing, the Government's motion to dismiss Defendant Comer's motion for compassionate release (doc. 18) is **GRANTED**. The Clerk is directed to **TERMINATE** Defendant Comer's motion (doc. 15).

**ORDER ENTERED** at Augusta, Georgia, this ___4th___ day of May, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA